1  Miles N. Clark, Esq.
   Nevada Bar No. 13848
2  LAW OFFICES OF MILES N. CLARK, LLC
   5510 S. Fort Apache Rd, Suite 30
3  Las Vegas, NV 89148
   Phone: (702) 856-7430
4  Fax: (702) 552-2370
   Email: miles@milesclarklaw.com
5

6  *Counsel for Plaintiff*
   *Anne Blinn*

7
                    **UNITED STATES DISTRICT COURT**
8
                         **DISTRICT OF NEVADA**
9

10  ANNE BLINN,                            | Case No. 2:25-cv-00501-GMN-MDC

11                      Plaintiff,         | **STIPULATED PROTECTIVE ORDER**

12      v.                                 | Complaint filed:  March 17, 2025

13  CALIBER HOME LOANS, INC.;              | Assigned to Hon. Judge Gloria M. Navarro
    DISCOVER BANK; EQUIFAX
14  INFORMATION SERVICES LLC;
    EXPERIAN INFORMATION SOLUTIONS,
15  INC.; GOODLEAP LLC; NEWREZ LLC
    DBA, SHELLPOINT MORTGAGE
16  SERVICING; and TRANS UNION LLC,

17                      Defendants.

18          IT IS HEREBY STIPULATED by and between Plaintiff Anne Blinn ("Plaintiff") and

19  Defendants Caliber Home Loans, Inc. ("Caliber"); Experian Information Solutions, Inc.

20  ("Experian"); NewRez LLC dba, Shellpoint Mortgage Servicing ("Shellpoint"); and Trans Union

21  LLC ("Trans Union") (collectively, the "Parties"),[1] by and through their counsel of record, as

22  follows:

23          WHEREAS, documents and information have been and may be sought, produced or

24  exhibited by and among the parties to this action relating to trade secrets, confidential research,

25  development, technology or other proprietary information belonging to the defendants and/or

26

27          [1] Of the presently named defendants, GoodLeap and Equifax have noticed settlements in
    principle, and Defendant Discover has stipulated with Plaintiff to arbitrate any claims, although
    Discover has not yet filed the stipulation in question.

28

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

1  personal income, credit and other confidential information of Plaintiff.

2       THEREFORE, an Order of this Court protecting such confidential information shall be and

3  hereby is made by this Court on the following terms:

4       1.      This Order shall govern the use, handling and disclosure of all documents,

5  testimony or information produced or given in this action which are designated to be subject to

6  this Order in accordance with the terms hereof.

7       2.      Any party or non-party producing or filing documents or other materials in this

8  action may designate such materials and the information contained therein subject to this Order by

9  typing or stamping on the front of the document, or on the portion(s) of the document for which

10 confidential treatment is designated, "Confidential."  That designation may be challenged in

11 accordance with Paragraph 14 of this Order.

12      3.      Any documents that are to be filed with the Court that contain any information

13 related to or derived from confidential materials shall be filed under seal subject to determination

14 of the Court regarding whether the confidentiality designation will be upheld.  Any party filing

15 any document under seal must comply with the filing requirements of local rules regarding any

16 such documents, including but not limited to the filing of a separate motion to seal. *See, e.g.*, LR

17 10-5A.  Any such motion to seal shall also explain how the confidential material comports with

18 the applicable standard from *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its

19 progeny.

20      4.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers

21 to be filed with the Court incorporate documents or information subject to this Order, the party

22 filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall

23 file them with the clerk under seal. However, once a document has any confidential information

24 deleted therefrom, it may be made part of the public record.

25      5.      All documents, transcripts, or other materials subject to this Order, and all

26 information derived therefrom (including, but not limited to, all testimony, deposition, or

27 otherwise, that refers, reflects or otherwise discusses any information designated Confidential

28

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

2 of 7

1  hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff, Caliber,

2  Shellpoint, Experian, and Trans Union for commercial or competitive purposes or for any purpose

3  whatsoever other than solely for the preparation and trial of this action in accordance with the

4  provisions of this Order.

5        6.     All depositions or portions of depositions taken in this action that contain

6  confidential information may be designated as "Confidential" and thereby obtain the protections

7  accorded other confidential information. The parties shall have twenty-one (21) days from the date

8  a deposition is taken, or fourteen (14) days from the date a deposition transcript is received,

9  whichever date is greater, to serve a notice to all parties designating portions as "Confidential."

10  Until such time, all deposition testimony shall be treated as confidential information. If no such

11  notice is filed, then the deposition or transcript will become part of the public record.  To the extent

12  any designations are made on the record during the deposition, the designating party need not serve

13  a notice re-designating those portions of the transcript as confidential information.  Any party may

14  challenge any such designation in accordance with Paragraph 14 of this Order.

15        7.     Except with the prior written consent of the individual or entity designating a

16  document or portions of a document as "Confidential," or pursuant to prior Order after notice, any

17  document, transcript or pleading given "Confidential" treatment under this Order, and any

18  information contained in, or derived from any such materials (including but not limited to, all

19  deposition testimony that refers, reflects or otherwise discusses any information designated

20  confidential hereunder) may not be disclosed other than in accordance with this Order and may

21  not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation;

22  (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel

23  assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a

24  proffer to the Court or a stipulation of the parties that such witnesses need to know such

25  information; (e) present or former employees of the producing party in connection with their

26  depositions in this action (provided that no former employees shall be shown documents prepared

27  after the date of his or her departure); and (f) experts specifically retained as consultants or expert

28

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

witnesses in connection with this litigation, or employees of said expert witness that are assigned to assist the expert witness.

8.    Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7 (d), (e), or (f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9.    Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

10.    All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

11.    Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

12.    This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13.    Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

1    produced, the receiving party, on notification of the designation, must make a reasonable effort to

2    assure that the document is treated in accordance with the provisions of this Order, and upon

3    request from the producing party certify that the designated documents have been maintained as

4    confidential information.

5            14.    If any party objects to any designation of any materials as "Confidential," the

6    parties shall attempt in good faith to resolve such objection by agreement.  If the parties cannot

7    resolve their objections by agreement, the party objecting to the designation may seek the

8    assistance of the Court.  A party shall have thirty (30) days from the time a "Confidential"

9    designation is made to challenge the propriety of the designation.  Until an objection has been

10   resolved by agreement of counsel or by order of the Court, the materials shall be treated as

11   Confidential and subject to this Order.  **The designating party shall have the burden of proving**

12   **that any document designated as CONFIDENTIAL is entitled to such protection.**

13           15.    Within sixty (60) days after the final termination of this litigation, all documents,

14   transcripts, or other materials afforded confidential treatment pursuant to this Order, including any

15   extracts, summaries or compilations taken therefrom, but excluding any materials which in the

16   good faith judgment of counsel are work product materials, shall be returned to the Producing

17   Party.  In lieu of return, the parties may agree to destroy the documents, to the extent practicable.

18   Nothing herein shall affect or restrict the rights of any party with respect to its own documents or

19   to the information obtained or developed independently of documents, transcripts and materials

20   afforded confidential treatment pursuant to this Order.

21

22

23

24

25

26

27

28

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

16.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED.**
DATED: May 12, 2025.

| **LAW OFFICES OF MILES N. CLARK, LLC** | **SKANE MILLS LLP** |
|---|---|
| /s/ *Miles N. Clark*<br>Miles N. Clark, Esq.<br>Nevada Bar No. 13848<br>5510 S. Fort Apache Rd, Suite 30<br>Las Vegas, NV 89148<br>Email: miles@milesclarklaw.com<br><br>*Counsel for Plaintiff*<br>*Anne Blinn* | /s/ *Sarai Leora Brown*<br>Sarai Leora Brown, Esq.<br>Nevada Bar No. 11067<br>1120 Town Center Drive, Suite 200<br>Las Vegas, Nevada 89144<br>Email: sbrown@skanemills.com<br>Email: sbrown@skanemills.com<br><br>*Counsel for Defendant*<br>*Trans Union LLC* |
| **NAYLOR & BRASTER** | **ATLAS SOLOMON LLP** |
| /s/ *Jennifer L. Braster*<br>Jennifer L. Braster, Esq.<br>Nevada Bar No. 9982<br>10100 W. Charleston Blvd., Suite 120<br>Las Vegas, NV 89135<br>Email: jbraster@nblawnv.com<br><br>*Counsel for Defendant*<br>*Experian Information Solutions, Inc.* | /s/ *Natalie L. Winslow*<br>Natalie L. Winslow, Esq.<br>Nevada Bar No. 12125<br>Melanie D. Morgan, Esq.<br>Nevada Bar No. 8215<br>7674 W. Lake Mead Blvd., Suite 220<br>Las Vegas, Nevada 89129<br>Email: nwinslow@atlas-solomon.com<br>Email: mmorgan@ atlas-solomon.com<br><br>*Counsel for Defendant*<br>*NewRez LLC dba Shellpoint Mortgage*<br>*Servicing and Caliber Home Loans, Inc.* |

<u>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**</u>

**IT IS SO ORDERED.**

DATED: 5/13/2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
*Blinn v. Caliber Home Loans, Inc. et al*
*Case No. 2:25-cv-00501-GMN-MDC*

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com

**EXHIBIT A**
**DECLARATION OF COMPLIANCE**
*Blinn v. Caliber Home Loans, Inc. et al*
**United States District Court, District of Nevada**
**Case No. 2:25-cv-00501-GMN-MDC**

I, _____, declare as follows:

1.  My address is _____ .

2.  My present employer is _____ .

3.  My present occupation or job description is _____ .

4   I have received a copy of the Stipulated Protective Order entered in this action on

_____, 2025.

5.  I have carefully read and understand the provisions of this Stipulated Protective Order.

6.  I will comply with all provisions of this Stipulated Protective Order.

7.  I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.  Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

EXECUTED this _____ day of _____, 2025 at _____ .


_____
QUALIFIED PERSON

LAW OFFICE OF MILES N. CLARK
5510 S Fort Apache Rd, Ste 30
Las Vegas, NV 89148
Phone: (702) 856-7430
Fax: (702) 552-2370
www.milesclarklaw.com